IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 17 CR 822** |
| v. | ) | **Judge Edmund E. Chang** |
| | ) | |
| **JOSE FLORES** | ) | |

NOTICE OF FILING

TO: Nicholas J. Eichenseer
Assistant United States Attorney
219 S. Dearborn St., 5th Floor
Chicago, Illinois 60604

PLEASE TAKE NOTICE that on this 22nd day of May, 2019, the undersigned filed the following document(s) in the above-captioned cause, a copy of which is attached hereto.

- MOTION TO WITHDRAW GUILTY PLEA

                      Respectfully submitted,

                      FEDERAL DEFENDER PROGRAM
                      John F. Murphy
                      Executive Director

                    By: *s/ Piyush Chandra*
                         Piyush Chandra
                         Attorney for Defendant

PIYUSH CHANDRA
Federal Defender Program
55 E. Monroe Street, Suite 2800
Chicago, Illinois 60603
(312) 621-8337

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 17 CR 822 |
| v. | ) Judge Edmund E. Chang |
| | ) |
| JOSE FLORES | ) |

MOTION TO WITHDRAW GUILTY PLEA

Now comes the defendant, JOSE FLORES, by and through his attorney, PIYUSH CHANDRA, FEDERAL DEFENDER PROGRAM, and hereby moves this Honorable Court, pursuant to FRCP 11(d)(2)(b), to permit Mr. Flores to withdraw his guilty plea in this matter.

I.  FACTUAL BACKGROUND

Jose Flores entered a guilty plea, pursuant to a plea agreement, on July 11, 2018. Prior to entering that plea, Mr. Flores had sought and obtained the advice of his counsel. Counsel's advice, included a discussion of the government's evidence against Mr. Flores which was largely based on Chicago Police Department (CPD) reports. It was also based on a (what was then believed to be the complete) surveillance video taken from a privately owned building at the scene of the offense. The video tendered prior to the change of plea was particularly grainy in quality and lacked clarity.

Prior to the change of plea, Mr. Flores raised factual differences with the CPD version. Counsel's advice before the change of plea, included a discussion on the risks to a loss of acceptance of responsibility credit under the guidelines, if the defense

1

challenged the government's version of facts without sufficient corroboration of the defendant's version. The advice involved a discussion of counsel's past experience in situations involving a defendant's insufficiently corroborated account versus the account of a law enforcement witness. This advice was directly related to the increased risk of, a loss of acceptance of responsibility, obstruction of justice, and perjury. Counsel's advice impacted Mr. Flores's decisions related to the filing of pretrial motions as well as challenging certain sentencing facts.

After Mr. Flores's guilty plea was entered, the government disclosed a second building surveillance video in addition to another copy of the first video. The quality of both these videos were clear and detailed allowing counsel to better opportunity to determine their materiality. Viewed together, a more complete view of Mr. Flores's actions and movements can be seen. It is the defenses view, that the two videos taken together corroborate relevant aspects of Mr. Flore's version. The videos are inconsistent with the material aspects of the CPD eye witness claims. In addition, the videos taken together, call into question the reliability of the CPD's claims of Mr. Flores's post offense statement.

Had the second surveillance video been produced prior to the change of plea, counsel would have advised Mr. Flores differently. Counsel would have advised Mr. Flores that there was sufficient evidence to corroborate his version of events relevant to pretrial motions. Counsel would have advised Mr. Flores differently on issues of acceptance of responsibility, false statements, and obstruction of justice. Mr. Flores asserts that had he received counsel's advice based on both segments of the surveillance

video, he would not have entered a guilty plea or agreed to certain aspects of the factual basis.

II.     ARGUMENT.

Federal Rule of Criminal Procedure (FRCP) 11(d)(2)(B) provides that if a defendant can show "a fair and just reason" the court may allow a defendant to withdraw his guilty plea the court has the discretion to do so.

It is the defense position that second portion of the surveillance video (tendered after the change of plea) combined with surveillance video (tendered prior to the change of plea) is exculpatory evidence that Mr. Flores should have received prior to his change of plea pursuant to *Brady v. United States, 397 U.S. 742 (1970)* and its progeny. To be clear, the defense does not believe that the AUSAs in this case, intentionally intended to deprive the defense of this evidence prior to the change of plea or trial. Indeed, the government did inform and tender the defense of this evidence after the change of plea hearing. However, counsel's lack of knowledge of this evidence did materially impact his ability properly advise Mr. Flores of his decision to plead guilty.

During the plea colloquy, the court sought to insure that Mr. Flores plea was knowing and voluntary and that he was satisfied with the advice and representation he had received. Tr. p. 9-10. However, since neither Mr. Flores nor his counsel were aware of the additional surveillance video, his counsel's advice to enter a guilty plea was made without the complete consideration or knowledge of the evidence. Therefore Mr. Flores decision to plead guilty and was not fully "knowing" and made with inadequate advice of counsel.

In Mr. Flores's case, he was not able to make a fully informed and voluntary decision because his counsel's advice was not based on a complete consideration of the evidence. Counsel does not believe he failed in his duties here given he was unaware of the existence of second portion of the surveillance video. However, from Mr. Flores perspective, the cause of counsel's inadequate advice doesn't matter. Mr. Flores based his decision in significant part on that advice. Mr. Flores received inadequate advice of counsel, regardless of the reason for his counsel not considering material evidence. "[A] plea, even one that complies with Rule 11, cannot be 'knowing and voluntary' if it resulted from ineffective assistance of counsel." *Hurlow v. United States*, 726 F.3d 958, 967 (7th Cir. 2013).

It is respectfully submitted that not being aware of evidence material to the defense and thus not receiving adequate advice of counsel, are "fair and just reasons" to allow Mr. Flores to withdraw his guilty plea in this matter as authorized by FRCP 11(d)(2)(B).

                                      Respectfully Submitted,

                                      FEDERAL DEFENDER PROGRAM
                                      John F. Murphy,
                                      Executive Director

                                      By: *s/ Piyush Chandra*
                                          Piyush Chandra
                                          Attorney for Jose Flores

PIYUSH CHANDRA
FEDERAL DEFENDER PROGRAM
55 East Monroe St., Suite 2800
Chicago, IL 60603
(312) 621-8337

4

## **CERTIFICATE OF SERVICE**

  The undersigned, <u>Piyush Chandra</u>, attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

## **MOTION TO WITHDRAW GUILTY PLEA**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>May 22, 2019</u>, to counsel/parties that are non-ECF filers.

           FEDERAL DEFENDER PROGRAM
           John F. Murphy
           Executive Director


         By:  *s/Piyush Chandra*
            Piyush Chandra


PIYUSH CHANDRA
Federal Defender Program
55 E. Monroe St., Suite 2800
Chicago, IL  60603
(312) 621-8337