UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE FLORES, a/k/a "Baby 8", and<br>JOSE ACOSTA | No. 17 CR 822<br><br>Hon. Edmond E. Chang |

**GOVERNMENT'S MOTION TO PERMIT DEFENDANTS TO WITHDRAW
GUILTY PLEAS AND DENY DEFENDANTS' MOTIONS AS MOOT**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits this motion to permit defendants to withdraw their guilty pleas in light of *Rehaif v. United States*, No. 17-9560 (June 21, 2019), and in support of its motion, states as follows:

1. On July 11, 2018 and August 2, 2018, respectively, defendants Flores and Acosta pleaded guilty to being felons in possession of firearms in violation of Title 18, United States Code, Section 922(g)(1). Doc. 39, Doc. 48.

2. Defendants Flores and Acosta separately moved this Court to allow them to withdraw their pleas of guilty. Doc. 92, Doc. 91. Defendant Flores claims that allegedly newly discovered evidence justifies withdrawal of his guilty plea (Doc. 92 at 3-4), while defendant Acosta claims that he should be permitted to withdraw his guilty plea based on allegedly ineffective assistance of counsel (Doc. 91 at 5-6). This Court ordered the government to respond to defendant's motions by June 27, 2019. Doc. 95.

3. While defendant's motions were pending, the Supreme Court decided *Rehaif v. United States*, No. 17-9560 (June 21, 2019). In *Rehaif,* the Court overturned

established precedent requiring that, in order to convict a defendant of possessing a firearm in violation of Title 18, United States Code, Section 922(g)(1), the government need only prove that defendant knew he possessed a firearm, and did not need to prove that defendant knew he was a prohibited person. *Rehaif v. United States*, No. No. 17-9560, 2019 WL 2552487 (June 21, 2019). Instead, in *Rehaif,* the Court held that Section 922(g)(1) required that "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif,* 2019 WL 2552487 at *7.

4. In their guilty pleas, which were entered into approximately a year prior to the Court's decision in *Rehaif,* defendants did not admit facts sufficient to establish that, at the time they possessed the firearms, they knew that they had been convicted of a crime punishable by a term of imprisonment of more than one year. *See* Doc. 40, Doc. 49.

5. Accordingly, pursuant to *Rehaif*, their guilty pleas did not establish a factual basis sufficient for their convictions under 18 U.S.C. § 922(g)(1).

For that reason, the government respectfully requests that this Court deny defendant's motions to withdraw their guilty pleas as moot, and permit them to withdraw their guilty pleas in light of the Court's decision in *Rehaif*.

6. The government will file a superseding indictment against defendants shortly.

For the reasons set forth above, the government respectfully moves this Court to deny defendant's motions to withdraw their guilty pleas as moot, and to grant the

government's motion to permit them to withdraw their plea based upon the Supreme Court's decision in *Rehaif*.

Dated: June 26, 2019	Respectfully submitted,

	JOHN R. LAUSCH, JR.
	United States Attorney

By:	*/s/ Kavitha J. Babu*
	KAVITHA J. BABU
	NICHOLAS J. EICHENSEER
	Assistant U.S. Attorneys
	219 South Dearborn Street, 5th Floor
	Chicago, Illinois 60604