IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 17 CR 822 |
| | ) Judge Edmund E. Chang |
| JOSE FLORES | ) |
| | ) 20 CV 01792 |
| | ) Emergency Judge Rebecca R. Pallmeyer |
| | ) |

REPLY IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION
FOR PRETRIAL RELEASE ON CONDITIONS

The defendant, JOSE FLORES, by and through his counsel, PIYUSH

CHANDRA, FEDERAL DEFENDER PROGRAM, hereby reply's to the

government's response to Mr. Flores's Emergency Motion for Pretrial Release on

Conditions. In support of his motion, Mr. Flores asserts the following:

1. The government spends much of its response asserting facts related to the

   weight of the evidence that supports their claim that Mr. Flores remains a

   danger by clear and convincing evidence. Since the original detention

   hearing held in this matter, however important facts have been learned that

   significantly weaken the government's position related to Mr. Flores's

   knowledge and role in this offense and the level of his gang participation

1

prior to his arrest. The government relies primarily on a version offense put

forth by a team of Chicago Police Department officers related to claimed

post offense statements and the events leading up to his arrest.

2. It is the defense position that video evidence taken from private residence

contradict the police version of events in significant manners that suggest to

this counsel that this CPD team did not meet their obligation to provide a

truthful version of events related to the statements he made, his actions, and

level of knowledge.  It is the defense contention that his then counsel,

Jonathan Brayman's, failed attempts to meet with Mr. Flores during his post

offense interrogation further cast doubt on the CPD version of statements

asserted by the government and that Mr. Flores denies making.  The defense

will elaborate on these facts at the hearing if necessary.

3. It is the defense position that the evidence in this case supports that Mr.

Flores had low level, if not minimal, involvement in gang activity for several

years prior to his arrest.  Mr. Flores acted as a middle person in this offense.

On the day of this offense, he and his wife were out to lunch and shopping

when he was asked to pick up something not specified.  He did not have

knowledge of what he was asked pick up.  He only told his wife he had to

make a stop to pick something up near to where they were. It was only after

individuals placed items in the rear of his van did he see that there were two
firearms.  His wife was unaware what was being placed in the rear of their
van. Mr. Flores never passed on any funds to the individuals that placed the
firearms in the rear of the vehicle.  His vehicle was stopped a short time later
and Mr. Flores's was placed under arrest.  Ms. Galvan was not arrested.

4.  In contradiction to the CPD version of his statement, Mr. Flores never was
given or waived his *Miranda* warnings.  This is supported by the fact that he
requested an attorney at time of his arrest, attorney Jonathan Brayman
appeared at the police station, but was not permitted to see Mr. Flores until
after the CPD completed their interrogation. Mr. Flores repeatedly asked for
his attorney during the interrogation.  This is not reflected in the CPD
version of his statement. Indeed Mr. Flores asserts he informed the CPD he
was not told he would be picking up firearms. The CPD claim that Mr.
Flores stated that he walked to a certain location and then he paid a large
amount of cash for the firearms is belied by the video tape evidence from a
private residence.  The CPD claims as to the post arrest statements made by
Mr. Flores, at a minimum, lack credibility.

5.  In short as to the issue of danger to the community. Mr. Flores was not an
active gang member at the time of his arrest.  It is important to note that Mr.

3

Flores was released from Illinois Department of Corrections (IDOC) custody on November 10, 2011(PSR, 55). From that release, to his arrest for this offense six years later, Mr. Flores had only one arrest for operating an uninsured vehicle which was not charged (PSR, §78). He has a six year record prior to this arrest of not being a danger to the community. During that six years, he obtained his Commercial Driver's License (CDL) and was employed for three years (PSR, §§ 124, 130).

6. The defense is not making the issue of the potential dangers of the coronavirus spread within the Chicago M.C.C. as the primary basis for Mr. Flores's release. The court is well aware of the issues surrounding these safety concerns to not only Mr. Flores, but to staff and other inmates. While the defense agrees that the M.C.C. is doing everything it can to control the virus spread of this dangerous virus, it also suggests that where it otherwise reasonable to reduce the burden on the detention system, it will overall increase the ability for the M.C.C. to manage and reduce the spread of the virus. In just a matter of weeks, the number from zero inmates and staff having the virus, to twelve inmates and fourteen staff members with confirmed cases of corona virus.[1] The more detainees that have the virus,

---

[1] BOP website, April 20, 2020.

4

the more the virus will spread to other detainees and staff members.

7. Unlike many defendants, Mr. Flores has a stable home and a supportive family that with proposed conditions, provide the court reasonable assurances that Mr. Flores will follow the court's conditions and therefore reduce the risk of danger to the community.

It is therefore respectfully requested that the court release Mr. Flores on the proposed conditions of release, in addition to any other conditions it deems appropriate.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director


By: *Piyush Chandra*
    Piyush Chandra
    Counsel for Jose Flores


PIYUSH CHANDRA
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, IL 60603
(312) 621-833